# Wm. Speight's Executor *v.* A. Brock *et al.*

The maker of a promissory note was garnisheed by a judgment creditor of the payee, and the maker answered the garnishment by saying that he was indebted to the payee of the note to the amount of $400. On this answer judgment was rendered against the maker of the note in favor of the judgment creditor of the payee for that amount. Previous to the service of the garnishment, the payee of the note, without the knowledge of the maker, had transferred the same to a third party, who brought suit and obtained a judgment for the amount thereof, being $400, no defence being made at law. Held by the court, that the transfer of the note gave the holder an absolute right to its proceeds, and that no subsequent act of the maker could divest that right.

The bill in this case charges that the testator, Green Speight, became indebted by note to one Irwin C. Wadlington, in the sum of $500 for the hire of negroes, due the 1st January, 1838. That previous to the maturity of the note, Wadlington left the State of Mississippi. In the mean time, one of the negroes became sick, and the testator nursed and furnished medicine, &c. for said slave for about one year, which together with the physician's bill was worth $100, which the testator in his lifetime always claimed as an off-sett to said note.

That one Thomas Davis, in the Madison circuit court, having obtained a judgment against the said Wadlington, an execution issued which was returned *nulla bona ;* and upon the affidavit of the attorney that Wadlington had no effects out of which to discharge said judgment, suggesting that the testator was indebted to him, a writ of garnishment issued, commanding said testator to answer, &c. which summons was executed or service thereof accepted by said testator on the 27th of October, 1838 ; and that at the November term of said court, a judgment *nisi* was taken for want of an answer ; and shortly after, on the death of the testator, a *scire facias* issued against complainant, as executor, who answered that at the time of the service of the garnishment on the testator he was indebted to said Wadlington $400, upon which

33*

judgment was rendered against complainant at the January special term of said court 1840, and upon which execution issued; that he answered according to the facts stated to him by the testator, to wit, that he was indebted at the time of the service of the garnishment, and at that time had no notice of the transfer of said note; that at the fall term 1839, the defendant, Alfred Brock, instituted a suit against complainant on said note as assignee of said Wadlington and obtained judgment by default against him for the full amount of said note. That he spoke to counsel to defend said suit, but that failing to give him the name of the plaintiff, he could not find the case on the docket, and so informed complainant, but too late to plead. He makes said Brock, *Davis* and Wadlington defendants; prays an injunction, &c. until the chancellor determines to whom he owes the money. The bill was filed on the 22d of August, 1840. Complainant has taken no order of publication against Wadlington, who he alleges to be a non-resident. A subpœna issued against Brock, directed to the sheriff of Hinds county, returnable to December term, 1840, which was returned not found. One also issued against Davis, directed to the sheriff of Madison, which he returned also not found. *Another issued* against all the defendants, returnable to July term, 1841, which was returned not found; after which no step was taken up to the 3d January, 1843, when defendant, Brock, by his counsel moved to dissolve the injunction granted by the circuit judge, restraining him from the collection of his judgment.

GEORGE CALHOUN for the motion.

The records referred to in the bill are not filed, and it does not appear from any allegation of the bill, that the summons as a garnishee issued against the complainants' testator, before the date of the assignment of the note to Brock. The assignee holds a note free from garnishments issued after the date of the assignment, as has been decided by the supreme court of this state.

Complainants' remedy, if any, was by defence at law. The complainant has not used proper diligence in preparing his cause.

The bill shows no equity against Brock, for whom this motion is made.

Wm. Speight's Executor *v.* A. Brock *et al.*

McBride contra.

The Chancellor.

The substance of this case is, that the complainant was indebted to one Wadlington, by promissory note; that a judgment creditor of Wadlington sued out process of garnishment against him according to the provisions of the statute upon that subject, to which he answered, admitting himself indebted to Wadlington; upon which a judgment was entered in favor of such creditor. That at the time of such answer he had no notice that the note had been transferred by Wadlington to a third person. That subsequent to this time the defendant Brock, as the holder of said note, instituted suit thereon, and recovered judgment by default. That he spoke to counsel to defend this latter case, but did not give him the name of it, and that a judgment consequently passed by default. I infer from the bill, although it is not expressly so stated, that the note had been transferred before service of the garnishment; if this be so, he is clearly bound to pay the proceeds of the note to the holder, although he had no notice of its transfer, at the time of service of the garnishment. The transfer of the note gave the holder an absolute right to its proceeds, and no subsequent act of the maker could divest that right. From the moment of the transfer, the maker became the debtor of the holder, and liable to him alone for the payment of the note. Oldham *v.* Ledbetter, 1 How. Rep. 43. If such be the true state of the case, there is no ground whatever for an injunction or interpleader as against the defendant Brock. If, on the other hand, the note remained the property of Wadlington at the time of the service of the process of garnishment upon the complainant's testator, then the judgment upon that process was a clear defence at law, against any subsequent suit upon the note, and the complainant shows no legal excuse, nor indeed any excuse, why he did not make that defence. The statement in the bill, that he did not give his counsel the name of the suit, so far from constituting that active diligence which the law requires, shows a high degree of indifference and gross neglect. The injunction as to Brock must be dissolved, without damages.